UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

PATRICK FLOYD WILSON, a/k/a
Anthony Brown, a/k/a Anthony
Wilson, a/k/a Little Patrick,
          *Defendant-Appellant.*

No. 00-4505

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-96-30056)

Submitted: January 31, 2001

Decided: February 26, 2001

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory W. Bowman, CHASLER, BOWMAN & VANN, P.L.C.,
Winchester, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Thomas J. Bondurant, Jr., Assistant United States
Attorney, Jason M. Bealle, Third-Year Law Intern, Roanoke, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Patrick Floyd Wilson appeals from his criminal conviction for murder for hire and conspiracy to commit murder for hire in violation of 18 U.S.C.A. §§ 2, 1958 (West 2000). We affirm.

Wilson first argues that the evidence was insufficient to convict him of the charged offenses. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In conducting this inquiry, the court does not review the credibility of the witnesses, but rather assumes that the jury resolved all contradictions in the testimony in favor of the government. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Notwithstanding Wilson's claims, our review of the record, in the light most favorable to the Government, leads us to conclude that there was sufficient evidence to establish Wilson's guilt beyond a reasonable doubt. Accordingly, we find his conviction supported by substantial evidence.

Wilson next raises a host of evidentiary issues. All save one of these perceived errors were not challenged below. Accordingly, they are reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). To obtain relief on these claims, Wilson must therefore demonstrate: (1) there was an error; (2) the error was plain or clear under current law; (3) the error affected substantial rights so as to

prejudice him; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 732. Our review of the record leads us to conclude that Wilson is unable to demonstrate these elements in relation to any of his novel claims.

Finally, Wilson argues that the district court erroneously admitted a "rap-poem" allegedly written by Wilson, arguing that the poem's probative value was "substantially outweighed by the danger of unfair prejudice" under Fed. R. Evid. 403. We note that the poem was largely incoherent and conclude that its relevance was not substantially outweighed by a danger of unfair prejudice. Moreover, even assuming that the district court abused its discretion in admitting the poem, any error would be reviewed for harmlessness.

This court determines harmlessness of a nonconstitutional error by deciding "whether [the court], in appellate review, can say 'with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). In determining whether an error substantially swayed a judgment of conviction, this court considers: (1) the centrality of the issue affected by the error; (2) the steps taken to mitigate the effects of the error; and (3) the closeness of the case. *See id.* Examining these factors, we conclude that even if the evidence was improperly admitted, that admission was harmless.

For these reasons, we affirm Wilson's criminal conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*